22-2806, Kapoor v. DeMarco. Mr. Risco. Good morning, may it please the court. We are here to present our appeal of the denial of the habeas petition for Monica Kapoor. It is our position that the district court erred in denying the writ of habeas corpus. In considering a petition of SCAD claims, protection of the Convention Against Torture, it is also our position that the district court erred in affirming Ms. Kapoor's extraditability on the charges that was brought by the Indian court. First, in considering the charges that were remaining on the warrant that was produced in 2010, the two felony charges were already dismissed by the Indian court, and it is our position that the problem... But why does that matter? So the government of India is still seeking her extradition on the other three charges. The other three charges have a sentence that can include, or a possible penalty that can include a two year in prison. So isn't she still extraditable? Your Honor, we feel that the charges that were dismissed were the central charges to the claim. There were four jury charges. Without them the... Well, you know, we have this rule of non-inquiry, right? We let the state, we let the executive branch decide when we extradite somebody. So why, under what authority does a court decide, well, those were the central charges, and so therefore she still shouldn't be extradited. I mean, the Secretary of State has looked at this, is aware that two of the charges are seeking extradition on the remaining three, but the Secretary still wants to do the extradition, right? Isn't that the end of the inquiry? Isn't it up to the Secretary's discretion whether to surrender Ms. Kapoor or not? Well, Your Honor, we feel that the Secretary of State, while he does have discretion to make those determinations, he is not the final voice in this matter. We feel the habeas court is the last line of defense for somebody like Ms. Kapoor. Now, considering the fact that the central... Well, why? I mean, we have this historical tradition of the rule of non-inquiry under which we don't, courts don't look at the conditions in the receiving country in habeas, and we have statutes from Congress that say we don't want courts getting involved in this question. So why are, why couldn't courts countermand the decision of the Secretary? Your Honor, we feel that the habeas jurisdiction is not removed. If you're referring to... You know, I get that. That's kind of an interesting question as to whether, you know, we can actually consider the claim in habeas or not, right? I get that. But even those courts that say that we can, they still say we can only consider it insofar as we just make a determination as to whether the Secretary has discharged his or her duties to consider the cat. There's no court that says we would make an independent determination that might countermand the Secretary's determination, is there? Well, in the decision of the Morrell of the United States, even though it was a premature decision that was dismissed in the end because the Secretary didn't make his determination, the court stated that had he made the determination, the petitioner would have a right to appeal to the habeas to review... If the Secretary did not make a determination? He did not. He did not. No, no, but you're saying you have a right if the Secretary did not. But here the Secretary has, right? We have in the record the determination, right? Absolutely. However, in Morrella, the court stated had the Secretary made determination, the petitioner would have a right to raise habeas petition to review it, especially considering the fact that that's what's relevant to this case because we provided ample evidence to the Secretary of State, 2016, that's where we withdrew the previous habeas petition to consider conditions in the Indian jails, consider treatment of women in the Indian jails. Okay, but the Secretary considered all of those materials and still wants to extradite, right? No, Your Honor. You're just saying the Secretary's decision was wrong and we should enjoin it. Well, Your Honor, frankly we do not know what he considered. During the oral argument pertaining to this particular petition, the Honorable Judge Block asked the government to produce some kind of analysis that the Secretary of State actually considered the materials. They could not. All they did was produce a short statement saying that the extradition complies with the treaty, right? There was no actual analysis. And what is more, I mean, pertinent to this matter- Well, why is the Secretary obliged to provide that analysis? You're saying maybe the Secretary did not actually analyze it and is lying? Is that a concern? No, not lying, but we don't know what sources he considered. We don't know if the State- Well, but again, if the job of the habeas court is just to make sure at most that the Secretary has done the analysis, considered the CAT factors, it doesn't actually matter like the way he did the analysis, right? So the only reason why we would not accept the analysis is because we think he might be lying. No, not at all. Once again, he may not be lying. However, we don't know the procedures of State Department. They're not revealed to us. But why do we need to know them is my question. Well, let's say, for instance, in the immigration court proceedings, when the immigration judge does the analysis, he considers all the factors that you submit. He analyzes them. He says why they apply or not and why he believes- Yeah, but we have a whole system of judicial review of immigration court decisions, right? Precisely. Whereas in this context, we have a rule of non-inquiry as to the extradition decision. So like I said, at most, we're just making sure the Secretary has looked at the question. That is correct. However, it is our position that the rule of non-inquiry only applies in the beginning of this process when the magistrate judge certifies extradition, not at the end of the process when the respondent already raises the CAT claims. Why would that be? I mean, historically, the certification process, that is a recent invention, right? But the history has been, you consider this kind of thing in habeas, right? So the rule of non-inquiry developed through habeas cases. That is true. However- So now you're saying, but for some reason, we've ended up in a situation where it only applies in this new statutory process of certification, but no longer applies in habeas? Well, when the United States signed the Convention Against Torture and FARA Act was enacted, the Real Idea Act was enacted, it became illegal for the United States to extradite somebody to a country where the person can undergo torture. Extraditing somebody to this country raises the due process questions and violation of a person's rights. This is where the habeas comes in. This is where the habeas review can really look at all the factors presented, look at all the evidence presented by the petitioner, and render its decision. In this particular case, the asylum case that the respondent filed was held in abeyance for 14 years. She is finally, after 14 years of waiting, can present her case to immigration judge on June 4th. And the immigration judge promised to complete this case in June. So all we're asking for is to allow her to present her claim, not to the Secretary of State, who, in our opinion, clearly failed to fully give full gravity to her claims, but to allow a skilled professional to analyze this case. Okay. I think we have that argument. You've reserved time for rebuttal, so we'll hear from you again. But let's turn to the Governor, Ms. Arco. Thank you, Your Honor. Good morning, and may it please the Court. My name is Meredith Arafat, and I'm an Assistant United States Attorney in the Eastern District of New York. I represent the United States on this appeal and in the case before the District Court. The government in this case is asking this Court to affirm the District Court's order denying the petitioner's second habeas petition, seeking to block her extradition to India to stand trial in that country. This is the petitioner's second attempt before this Court to block that extradition. In this extradition case, the Magistrate Court has issued a certificate of extraditability. The Secretary of State has now three times considered the petitioner's claims and affirmed that surrender is appropriate, including by making the necessary determination that petitioner's extradition complies with the United States's obligations under the that under the CAT, the United States may not extradite a fugitive if it finds that the fugitive is more likely than not to face torture. The District Court has now twice denied the petitioner's habeas petitions, and this Court has already affirmed. What's your position on that? I mean, is it appropriate for the District Court to entertain that claim, that it would be a violation of the CAT to send her to India? The government's position is that the habeas court lacked jurisdiction to consider that claim. So it should have just been dismissed? Yes, Your Honor. And that's because of the Real ID Act's prohibition on judicial review of CAT claims? I think that's part of it. I would say it's the statutory framework, it's the rule of non-inquiry that Your Honor has talked about, it's the CAT as well as the FAR Act and the What we said in that Wang case, Wang versus Ashcroft, I guess, that actually you can consider CAT claims in habeas even though Congress didn't seem to want us to. Does that suggest that we should do an inquiry here as to the CAT? The Wang case predated the Real ID Act, which was enacted in 2005. The D.C. Circuit has recognized that that case was superseded by the Real ID Act. All right, so what that means is that actually Congress has provided a clear statement that they do want to prevent consideration of CAT claims in habeas, which they had not done according to our decision at the time of Wang. But there was a separate opinion in that D.C. Circuit case, what is it, Omar, that said that Congress can't do that unless they suspend the writ of habeas corpus. So are they required to do that? The government does not believe that the writ needs to be suspended. Particularly in the habeas context, the government submits that the appropriate habeas inquiry is that provided by the Fernandez standard, which is into the questions of whether there is jurisdiction over the petitioner, whether the offense for which the requesting country is seeking extradition is covered by the treaty, and whether there is the extent of the inquiry that the habeas court can make. Having had that review, which was done by the habeas court and affirmed by the circuit, there is no suspension. There's nothing more to do. I mean, maybe Wang is different, because it's in the immigration context, where you do have judicial review. Maybe, you know, we've had more background from the Supreme Court and Rudolph and other cases, and so maybe it wasn't right. But I guess you'd say even if we do have jurisdiction to entertain the claim, the inquiry should be limited to just making sure the secretary has discharged his responsibilities, like paid attention to the CAD claim, right? Yes, Your Honor. The government would urge this court to adopt the approach undertaken by the D.C. Circuit and the Fourth Circuit, but to the extent which precludes habeas review altogether, and that was in the, but to the extent the court does not do so and finds that there is jurisdiction, we would urge that it not be found to be any broader than the approach adopted by the Ninth Circuit in Trinidad, which, as you said, is limited to the very narrow jurisdictional question of confirming that the Secretary of State did, in fact, make the determination. What is the limit on how many times this court can, you know, file new claims and so on and delay the extradition? I mean, what do you think should happen now? At this point, the government believes it is appropriate for the district court's denial of the second habeas petition to be affirmed. At that point, if it is affirmed, I expect that the government would seek to remand the petitioner to custody in order to effect her surrender in coordination with the appropriate Indian authorities. And is there anything to be made of Ms. Kapoor's argument regarding staleness and the government's apparent lack of urgency, I don't want to say lack of diligence, to sort of move forward on this case? So, I would say that the government has been diligent here and has acted to move the case forward. Going back to sort of the start of these extradition proceedings, I think there was approximately eight months between the time when the Indian government requested extradition and the Department of Justice, in fact, sought an arrest warrant and a complaint in order to arrest the petitioner, did so, I think, within a matter of days. And since that time, the government has litigated this case and has continued to reaffirm its interest in this case, as has the Indian government. Well, it's been 14 years since the extradition request, right? Yes, Your Honor. It does seem like there is some lack of diligence somewhere, isn't there? So, what accounts for the failure to move forward with the extradition and all of that time? Is there any kind of judicial order that prevents the government from effectuating the extradition now? Yes, Your Honor. The extradition cannot be effected unless the petitioner is in custody. The government has several times filed motions to remand the petitioner into custody. So, the petitioner is out on bail and you can't effect the extradition? That's correct, Your Honor. Because you rely on, what, the prison officials to take her to custody? I think that's part of it. I think it may actually also be a statutory matter. But I would say that the government has several times, including the very day that Judge Block issued his decision denying the second habeas petition, sought to remand the petitioner into custody in order to- Well, she moved for an injunction preventing the government from effectuating the transfer, right? And that was denied. But you're saying even though the district court denied injunctive relief to stop the extradition by denying the motion for remand, the district court essentially provided that same relief? Yes, Your Honor. As a practical matter- Is that clear to the district court? I mean, doesn't that mean that those two decisions are contradictory? I believe that it, at least from the government's perspective, it was made clear that it would not be possible to proceed with the extradition unless she was remanded in custody and that decision, that motion was denied anyway. I would say with respect to- So if, in fact, we think the district court was right on the merits and we remand, would we remand with instructions to remand her into custody? Is that before us, that question? I don't believe it is, Your Honor. I think that if this- So if we think the district court was right and we send it back, there just might be further proceedings that take another 14 years? We would file briefs with the district court to request that she be promptly remanded in order to proceed. So you're not asking us to address the question of remand into custody? We have not, Your Honor. Okay. So I wanted to go back and just also on the staleness point, which I think is a slightly different point than the prolonged proceedings here. And again, I would emphasize that there's been a lot of process here and motions pending during which time the State Department was not able to proceed, the Department of Justice was not able to proceed, and the Indian government was not able to proceed. But in terms of staleness, I would emphasize that the government's position is that both the certificate of extraditability and the surrender warrant remain valid and that they are not stale. With respect to the certification- Is that even a thing? I mean, does a certificate become stale? The government is not aware of any case where a court has found that and certainly does not believe- If the certificate only had the two offenses that were subsequently dismissed, presumably that would be... That certificate would no longer be... Would there be some argument for its invalidity, presumably, or not? Respectfully, that's not the issue presented with this case. There were five charges that were addressed in the certificate of extraditability and when the Secretary of State subsequently makes a decision whether to extradite, he or she does so on a charge-by-charge basis and it is always the Secretary's discretion whether to extradite on a particular charge. So the fact that two of the charges have been dismissed has no bearing on the proceedings because- Right, I understand that. I just was saying hypothetically to the question of whether or not it's possible for a certificate to become stale and I think you said no, it's not. I think it would be a different question than the one that's presented here. Well, it is a different question but that will, like, maybe inform this question about whether there is habeas jurisdiction, right? So, let's say she was originally going to be extradited only on those two charges and the Indian government has dropped those two charges and the Secretary nevertheless wants to extradite her. Would she be able to file a habeas petition to say that that is now unlawful or does the rule of inquiry mean that we don't actually consider that claim? That's just up to the Secretary. I think if you take that point as a practical matter the process would be that the information is provided to the State Department which would then re-evaluate which is actually, in fact, what happened here. Maybe you're just going to say it's outlandish that the Secretary would still want to extradite her even if the Indian government had dropped the charges but I'm sort of saying hypothetically, let's say that the Secretary did want to extradite her nonetheless because he has a certificate that was issued 14 years ago that says she could be extradited and he just wants to get her out of the country so he extradites her regardless. I mean, would she be able to file a habeas petition at that point? I think at that point it might be because that's dealing with the decision of the extradition court and whether these offenses are extraditable. It might be something like a reconsideration before that court. So even because a court does get to decide whether there's probable cause that she's extraditable, you're saying that would be relevant to whether there was but it would require revisiting the certificate, right? So that would mean the certificate is not a one-time thing, that it can be revisited later. I think under those extraordinary hypothetical circumstances that you've articulated, it's possible that there would be basis for revisiting the extradition certification decision but that's distinct from the habeas inquiry we're talking about here which is the review of the Secretary of State's subsequent decision. The only way to revisit it would be in habeas, right? Because the certificate, once it's issued that's it. It goes to the Secretary and then the Secretary makes a decision and that's not judicially reviewable. So the only way to bring up this claim would be in habeas, wouldn't it be? But I think that would be a claim under the Fernandez standard as opposed to a attempt to use the habeas proceedings to inquire as to... Within the limited inquiry we defined in Fernandez. Right. And so usually the Fernandez inquiry happens prior to the Secretary of State issuing a surrender decision but in this circumstance it might be basis for revisiting that Fernandez jurisdiction in the initial instance but would not, I think, bear on subsequent question of jurisdiction with respect to, for instance, the Secretary's decision as to a TAP claim. So it sounds like the result of all that is habeas is available but the inquiry is limited to the factors that we identified in I think that there's no question that pre surrender warrant habeas, again limited habeas, is available under Fernandez. We're now dealing with a post surrender decision universe and here again I think to the extent there's something that called to question the decision on the Fernandez factors that might be a different circumstance than what we're in here where a petitioner is seeking review or substantive review of the CAT assessment after termination. Thank you very much Ms. Arfa. We'll turn back to Mr. Risto on rebuttal. Thank you. Thank you. I should go back to the point that you were just making. If most serious charges are removed from the warrant and the warrant becomes stale as we see nothing stops the government from filing for a new certification. Government has endless, endless options. Nothing stops it from doing that but what requires it to do that? Well, if they could prove to us that the Indian government is still interested in extraditing her because all they provided  the Indian government in response to all these inquiries. Every time Ms. Kapoor files some new filing, the State Department transmits it to the Indian government and asks for their response, right? Well, not exactly. I mean, what we have is what looks like an email exchange with somebody from a CBI which is Central Bureau of Investigation in India. This is actually one of the agencies that she made in her asylum application as harassing her and torturing her while she was still in India. This is the only representative of the Indian government that continue to say that they want her. It's not Right. And the State Department has said that it's reviewed that and determined that she's not going to be subject not only to torture but even to, you know, less severe adverse treatment and they've decided that she would not be and so that they still want to proceed with the extradition. And you're saying we should say that the Secretary was wrong about that? Well, no. Part of the Secretary's job is to evaluate Kat's claims and provide assurances that she will not be tortured. Provide some kind of diplomatic overture to the Indian government and get some assurances. They did not provide that. There were no assurances that she will not be tortured. Yeah, but that assumes that she would be tortured if the State Department determined that she would not be and that if they don't need extra assurances, couldn't they make that determination? It is our position that they've tried but they failed to consider the evidence. They failed to consider their own reports. So that's what you're saying. You're saying the State Department has failed to consider the evidence. The State Department is wrong, right? It's not just that the State Department hasn't done the analysis. You think the State Department has made an erroneous determination that we should review in habeas. We should review in habeas or at least we should allow an immigration judge to review it in the silent hearing, which is coming up on June 4th after 14 years of abeyance. That's what we're asking. Just to stay this deportation until she has an opportunity to present it to you through BIA and they can appeal to Second Circuit and it will be right in front of you. Again? Again. Yes. But that's already with the final order of removal as the statute provides. And then we can have this conversation again after the findings of immigration judge. Not a political appointee such as Secretary of State. Mr. Blinken is a genius man but he signed off on her extradition when he was undersecretary and now he's Secretary of State. For five years when he was not there for some reason, nobody even tried to extradite her. As of this case, when completely mute, they didn't do anything. And now that he's back in office, they're still trying to extradite because he signed off on this decision. I'm not assigning any motive here but I'm just saying, for five years they did not do anything. There was no litigation for five years. I think we have that argument and I know the timetable. Thank you very much. Mr. Risco, the case is submitted. Thank you.